

# THE ATTORNEY GENERAL
## OF TEXAS

August 18, 1987

This Opinion

_ Affirms Opinion

#JM 670

JIM MATTOX
ATTORNEY GENERAL

Honorable Stan Schlueter                    Opinion No. JM-771
Chairman
House Ways and Means Committee              Re:  Clarification of Attorney
Room 404C, Capitol Building                 General Opinion JM-670 (1987)
Austin, Texas  78711

Dear Representative Schlueter:

You ask for clarification of Attorney General Opinion JM-670 (1987).  Your request letter states that JM-670 "destroys section 19.022 [of the Texas Education Code] and virtually precludes any subsequent transfer of properties from one school district to another because as a practical matter no district is going to agree to give up any of its taxable property." You suggest that JM-670 is in conflict with a recent Texas Supreme Court opinion, Central Education Agency of Texas et al v. Upshur County Commissioners Court et al, 30 Tex. Sup. Ct. J. 391 (April 29, 1987, rehearing pending).

Within the limitations proscribed, section 19.022 provides a procedure whereby territory may be detached from a school district and annexed to another school district that is contiguous to the detached territory upon approval by the commissioners courts of the counties in which the affected school districts are located.  Approval by a majority of the board of trustees of the receiving school district is required by section 19.022(c).  Section 19.022 does not require approval of the board of the transferring district.

Attorney General Opinion JM-670 concluded:

> Before a transfer of '1200 residential units' can be made from the Dallas Independent School District to the Richardson Independent School District by detachment and annexation of territory under section 19.022 of the Texas Education Code, a majority of the board of trustees of the Dallas Independent School District, in accordance with the provisions of section 19.008 of the Texas Education Code, must give its approval.

Chapter 19 of the Texas Education Code was amended by House Bill No. 634, Acts 1983, 68th Leg., ch. 285, at 1380, eff. Sept. 1, 1983.

The bill stated that chapter 19, as amended, was to be "a substantive revision of the laws concerning creation, consolidation and abolition of school districts." Included therein are sections 19.022 and 19.008.

Section 19.008, subchapter A, "General Provisions," provides in pertinent part:

> (a) <u>Any change in the boundaries of an independent school district governed by an elective board of nine members and located in a county having a population of 100,000 or more</u> is not effective unless approved by a majority of the board of trustees of the district. (Emphasis added).

The source law for section 19.008 was former section 19.331 of the Texas Education Code. The Select Committee on Public Education made the following statement relative to this section in its report and recommendations on recodification of the Education Code to the 68th Legislature, at 33-34:

> The law codified as Sec. 19.331, Texas Education Code, was originally enacted in 1955 and its population bracket has never been changed. Using the 1950 census and the nine-member board requirement, the law was designed to apply only to Dallas Independent School District. Because of either population growth or changes in the number of trustees, the law now applies to Dallas ISD, Fort Worth ISD, and Houston ISD.

It appears that the scenario about which you are concerned involves the Temple I.S.D. and Belton I.S.D. Obviously, section 19.008 does not apply to these districts nor was it relevant to the litigation involving the Union Grove I.S.D. and Gilmer I.S.D. in <u>Central Education Agency of Texas v. Upshur County Commissioners Court</u>.

Relative to your comment "It would hardly seem important how many members made up the full Board of Education of any district," we can only reply that this is a matter for the Legislature.

A more basic question is whether approval is required of a majority of the board of trustees of the transferring district in a detachment and annexation under section 19.022 where the transferring district is governed by an elected board of nine members and is in a county having a population of 100,000 or more.

The source law for section 19.022 was former section 19.261. Subsection (a) of section 19.261 provided:

> The county school trustees or county board of education, as the case may be, in each county of this state shall have the authority, when duly ·petitioned as herein provided and <u>in compliance with the limitations of Subchapter K of this chapter</u>, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts. (Emphasis added).

Section 19.022 as it presently appears in chapter 19 omits the language "in compliance with the limitations of subchapter K of this chapter" and provides:

> (a) <u>In accordance with this section</u>, territory may be detached from a school district and annexed to another school district that is contiguous to the detached territory. (Emphasis added).

The ommission of the reference to the limitations of subchapter K and the addition of the language "In accordance with this section" gives rise to a construction that the intent of the legislature was that the procedure for detachment and annexation of territory is to be governed solely by section 19.022. However, the Select Committee on Public Education in its report and recommendations on recodification of the Education Code to the 68th Legislature at page 41 reflects the following reason for the omission of the cross reference in section 19.022:

> Subchapter K of the present Chapter 19, referred to in Sec. 19.261(a), is codified as Sec. 19.008 of this revision. This cross-reference is unnecessary and is omitted.

Thus, the inclusion of both sections in the codification negated the necessity of a cross reference. We believe this more nearly reflects the reason the legislature deleted the reference in the codification. To construe the language "in accordance with this section" as reflecting an intent on the part of the legislature that detachment and annexation be governed by section 19.022 without regard to any other provisions in chapter 19 would in effect render section 19.008 nugatory. Most of the procedures delineated in chapter 19 resulting in the changing of the boundaries of independent school districts have similar provisions. Section 19.023(a) begins, "A school district located in a county with a population of 210,000 or more may be annexed to a contiguous independent school district <u>as</u>

provided by this section." Section 19.056(a) states, "If only one independent school district is consolidated with one or more common school districts, this section applies." Section 19.057(a) reads, "If two or more independent school districts are included in the consolidation, this section applies." Section 19.059(a) states, "Any consolidated school district may be dissolved by the same procedure provided for consolidation. . . ." Section 19.081(a) provides, "A countywide independent school district may be created under this subchapter. . . ." (Emphasis added).

Both sections 19.008 and 19.022 are part of the same act passed by the 68th Legislature and both concern changes in the boundaries of a school district. As such, the two sections must be construed as a whole and all of its parts must be harmonized if possible, so as to give effect to the entire act according to the intent of the legislature. Attorney General Opinion M-650 (1970).

We remain of the opinion that section 19.008 provides an exception to section 19.022 in that before any changes can be made in the boundaries of a school district coming within the provisions of section 19.008, a majority of the board of trustees of that district must give its approval.

### SUMMARY

Approval of a majority of the board of trustees of the receiving school district is required for a detachment and annexation of territory made pursuant to section 19.022 of the Texas Education Code. In the event that the transferring school district is governed by an elective board of nine members and is in a county having a population of 100,000 or more, any change in the boundaries of that district requires the approval of a majority of its board of trustees. Educ. Code §19.008.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General